UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | | |
|---|---|---|
| ROBERT WADE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 2:19-cv-00140-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| CAMPBELL CO. DET. CENTER, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Robert Wade is an inmate at the Campbell County Detention Center ("CCDC"). Wade has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 2.] This matter is before the Court to conduct the initial screening required by 28 U.S.C. §§ 1915(e)(2), 1915A.[1]

In his complaint, Wade makes a variety of allegations related to the conditions of confinement at the CCDC. For example, he states that there are "many health issues" in the jail; it is overcrowded; violent inmates are being housed with non-violent inmates; mold is present; drains are leaking and water backs up when it rains; there are not enough toilet seats; there is no bleach to kill germs; there are bugs coming out of the drains; and inmates are improperly charged fees. [R. 2.] He does not request any particular form of relief, but requests that the matter be looked into. [*Id*. at 8.]

---

[1] When testing the sufficiency of the plaintiff's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

The difficulty with Wade's complaint is that he has not named a viable defendant. The CCDC is merely a building - it is not a suable entity apart from the county that operates it. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). Even if the Court were to construe Wade's claim as one against Campbell County, he makes no allegation that the events about which he complains are the product of a county policy or custom, and he therefore fails to state a claim for relief against the county. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

Nor may he bring a claim against the "Department of Corrections," as the Kentucky Department of Corrections ("KDOC") is not subject to suit under § 1983 in federal court. The KDOC is an agency of the Commonwealth of Kentucky. *See* Ky. Rev. Stat. § 12.250; *Gibbons v. Kentucky Dept. of Corrections*, No. 3:07CV-P697-S, 2008 WL 4127847, at *2-3 (W.D. Ky. Sept. 4, 2008). Therefore, the KDOC is not a "person" subject to liability under Section 1983. *Puckett v. Lexington-Fayette Urban Co. Gov't.*, 833 F.3d 590, 598 (6th Cir. 2016) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). In addition, the Eleventh Amendment deprives federal district courts of subject matter jurisdiction over a claim for money damages against a state and its agencies. *Ernst v. Rising*, 427 F. 3d 351, 358 (6th Cir. 2005) (citing *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974)).

The Court will therefore dismiss the complaint for failure to state a claim against the named defendants. *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002). However, it will do so to enable Wade to file a new complaint that identifies proper defendants, such as those persons directly involved with the conditions of confinement at the jail, if he chooses. If Wade wishes to seek relief in this Court by filing a new civil action, he may obtain a form Civil Rights Complaint

[EDKY Form 523] from the Clerk of the Court. Wade is advised that any new complaint must describe the facts of his case, specifically identifying the people, dates, places, and actions which are relevant to his claims, and explain what he wants the Court to do.

Accordingly, it is **ORDERED** as follows:

1. Plaintiff Robert Wade's complaint **[R. 2]** is **DISMISSED WITHOUT PREJUDICE**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This 1st day of April, 2020.

Gregory F. Van Tatenhove
United States District Judge